**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
TOWER AUTOMOTIVE, INC., *et. al.*,                  :     Case No. 05-10578(ALG)
                                                    :     Jointly Administered
                                                    :
                                                    :
                              Debtors.              :
                                                    :
------------------------------------------------------------x
TOWER AUTOMOTIVE, INC.,                             :
                              Plaintiff,            :
                                                    :
           -against-                                :     Adv. Proc. No. 05-01407
                                                    :
FEDERAL INSURANCE COMPANY,                          :
                                                    :
                              Defendant.            :
------------------------------------------------------------x

## MEMORANDUM OF OPINION

A P P E A R A N C E S:

KIRKLAND & ELLIS LLP
Counsel for the Debtors
  By:   James H.M. Sprayregen, Esq.
        Matthew A. Cantor, Esq.
Citigroup Center
153 East 53rd Street
New York, New York 10022

and

  By:   John F. Hartmann, Esq.
        Andrew R. Running, Esq.
        Kellye L. Fabian, Esq.
        John C. Gekas, Esq.
200 E. Randolph Drive
Chicago, Illinois 60601

1

HOGAN & HARTSON L.L.P.
Counsel for Federal Insurance Company
  By:   Dena Copulsky, Esq.
875 Third Ave.
New York, New York, 10022

and

  By:   Jonathan A. Constine, Esq.
555 13th Street, N.W.
Washington, DC 20004

**<u>ALLAN L. GROPPER</u>**
**<u>UNITED STATES BANKRUPTCY JUDGE</u>**

Before the Court are a motion to dismiss this adversary proceeding filed by defendant Federal Insurance Company ("Federal") and a motion for summary judgment filed by plaintiff Tower Automotive, Inc. ("Tower"). The parties dispute Federal's alleged obligations under an insurance policy and, in particular, whether Federal has a duty to defend certain Tower officers and directors who are defendants in several post-petition actions that charge them with violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). For the reasons set forth below, Federal's motion is denied and Tower's motion is granted.

**Background**

Tower's Certificate of Incorporation requires it to indemnify any officer or director against expenses, including attorneys' fees, incurred in litigation "by reason of the fact that he or she is or was a director or officer . . . ." (Tower's Exhibit L, Tower's Certificate of Incorporation, at 5). On October 15, 2004, Tower and Federal entered into an insurance agreement, under which Federal agreed to pay "Loss on account of any Fiduciary Claim" made against Tower and its officers and directors, as Insureds.

2

(Tower's Exhibit A (the "ERISA Policy") at 3).[1] "Fiduciary Claim" is defined, in pertinent part, as:

> (a) a written demand for monetary damages or non-monetary relief;
>
> (b) a civil proceeding commenced by the service of a complaint or similar proceeding;
>
> (c) a criminal proceeding commenced by a return of an indictment or information;
>
> (d) a formal civil administrative or civil regulatory proceeding commenced by the filing of a notice of charges or similar document or by the entry of a formal investigative order or similar document . . .
>
> against any Insured for a Wrongful Act . . . .

(ERISA Policy at 4). "Wrongful Act" is defined in the ERISA Policy as:

> (a) any breach of the responsibilities, obligations or duties imposed by ERISA upon fiduciaries of the Sponsored Plan in their capacity as such fiduciaries;
>
> (b) any negligent act, error or omission in the Administration of any Plan committed, attempted, or allegedly committed or attempted by an Insured in the Insured's capacity as such; or
>
> (c) any other matter claimed against an Insured solely by reason of the Insured's service as a fiduciary of any Sponsored Plan.

(ERISA Policy at 8). "Loss" in turn is defined in the ERISA Policy as "the amount that any Insured becomes legally obligated to pay on account of any covered Claim, including but not limited to . . . Defense Costs." (ERISA Policy at 5). Federal also assumed under the ERISA Policy the "right and duty to defend any Claim covered by this coverage section, even if any of the allegations in such Claim are groundless, false or fraudulent." (ERISA Policy at 13).

---

[1] Capitalized terms that are not otherwise defined have the same meaning as in the ERISA Policy.

3

The ERISA Policy also contains a "Securities-Based Claims Exclusion" whose construction gives rise to this lawsuit. It reads:

(1) The Term "Securities-Based Claim" means any Claim that is, in whole or in part, based upon arising from, or in consequence of:

    (a)    any actual or alleged disclosure or nondisclosure of information relating to the value of securities issued by [Tower] or relating to [Tower's] financial or operational performance, condition or prospects; or

    (b)    any Insured authorizing, allowing, requiring or not prohibiting (i) the acquisition or holding by, or contribution to, any Plan of any securities issued by [Tower], or (ii) any participants in or beneficiaries of any Plan acquiring or holding in, or contributing to, their Plan accounts any securities issued by [Tower].

(2) *No coverage will be available under this coverage section for any Securities-Based Claim if such Securities-Based Claim, or any other written demand or civil or administrative proceeding against an Insured, seeks or has sought relief for any purchaser or holder of securities issued by [Tower] who is not a Plan participant or beneficiary* based upon, arising from, or in consequence of any Wrongful Acts, facts circumstances or situations described in 1(a) or 1(b) above or in any related Wrongful Acts, facts circumstances or situations.

(ERISA Policy at Endorsement # 2) (emphasis added).

On February 2, 2005, Tower and certain of its subsidiaries filed for relief under Chapter 11 of the U.S. Bankruptcy Code. Shortly thereafter, six actions were filed in the United States District Court for the Southern District of New York (the "ERISA Actions") alleging that Towers' officers and directors with responsibility over Tower's pension plans breached their fiduciary duties by failing to disclose material information regarding, principally, the value of Tower's stock. A few days before, four other actions had been commenced against some of the same defendants in the same Court alleging violations of the securities laws in connection with the purchase or sale of Tower securities (the "Securities Actions").

4

Tower subsequently notified Federal of the ERISA Actions and sought coverage for, *inter alia*, the costs of defense. Federal denied coverage, asserting that the filing of the Securities Actions had triggered the Securities-Based Claims Exclusion, thereby excluding coverage. Tower asserted that the ERISA Actions do not seek relief for any person who is not a Plan participant or beneficiary and that the exclusion does not apply. This adversary proceeding followed.[2]

**Discussion**

Federal argues that the complaint does not state a claim upon which relief can be granted because the Securities-Based Claims Exclusion clearly applies to the ERISA Actions. Tower argues that it is not clear, on the face of the pleadings, that the language of the Securities-Based Claims Exclusion applies, and thus that Federal's motion to dismiss should be denied. Tower argues, further, that summary judgment should be entered in its favor, thereby requiring Federal to pay the cost of the defense of the actions, because the exclusion on which Federal relies to deny coverage is at best unclear.

**Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

In deciding a motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), made applicable by Bankruptcy Rule 7012, a court takes all facts and inferences in the light most favorable to the non-moving party. See *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). The ultimate issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002). Thus, a court should grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) only where

---

[2] Tower had also purchased from Federal coverage for securities-related claims. Federal did not deny coverage for the Securities Actions.

5

"the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

It is Federal's position that coverage for the ERISA Actions is excluded because of the existence of the Securities Actions, which it contends constitute "any other written demand or civil or administrative proceeding against an Insured" based upon any of the same Wrongful Acts, facts or circumstances challenged in the claim for which insurance coverage is sought. Federal thus argues, in effect, that the key phrase of the Securities-Based Claims Exclusion is: "or any other written demand or civil or administrative proceeding against an Insured." Federal argues that this clause leads to only one plausible reading of the exclusion, namely, that the policy excludes

> coverage for Claims based "in whole or in part" on "any actual or alleged disclosure or nondisclosure of information relating to the value of securities issued by [Tower] or relating to [Tower's] financial or operational performance, condition or prospects" if "any other" civil proceeding alleging such disclosure or nondisclosure seeks relief for any securities holder "who is not a Plan participant or beneficiary."

(Federal's Mot. in Opp. to Tower's Mot. for Summ. J. at 2).

In response, Tower contends that Federal's construction leads to the absurd result of loss of coverage for all officers and directors insured under the ERISA Policy because of the happenstance that one officer or director had become the subject of another "written demand or civil or administrative proceeding" relating to the trading of Tower's stock. Tower claims that the Securities-Based Claims Exclusion bars coverage "only if the Securities-Based Claim 'or any other written demand or civil or administrative proceeding against an Insured' for which the Insured is seeking coverage under the Policy is brought by a non-Plan participant." (Tower Reply Mem. in Support of Summ. J. at 5). Tower notes that the clause "or any other written demand or civil or

6

administrative proceeding against an Insured" is set off by commas and that it serves in effect a definitional function, making it clear that the exclusion applies not only where coverage is sought for a lawsuit brought by a non-Plan participant but where a written demand or civil or administrative proceeding involves a non-Plan participant. Tower alleges in effect that the key phrase in the critical sentence is "brought by a non-Plan participant" and that Federal's reading of the statute eliminates the import of the phrase, "who is not a Plan participant or beneficiary . . . ." Tower concludes that coverage is excluded only for Securities-Based Claims (including written demands or civil or administrative proceedings) brought by non-Plan participants. There is no question that the ERISA Actions have been brought only by Plan participants.

Tower's construction makes more sense of the contract as a whole. Federal would exclude coverage as a consequence of an entirely unpredictable development, the existence, somewhere, of a Securities-Based Claim against just one of the ERISA defendants. Tower would exclude coverage only where the Securities-Based Claim seeks recovery on behalf of a non-Plan participant. On the other hand, Federal's construction constitutes a reasonable reading of the critical sentence. Because both parties have set forth possible constructions of the critical sentence, on the record before the Court, Federal's motion to dismiss, which is based on the premise that the contract is clear as a matter of law and can only be read in its favor, must be denied.

Under applicable Michigan law, the construction of an insurance contract, like any contract, is based on a determination of the intention of the parties. See *Auto-Owners v. Churchman*, 489 N.W.2d 431, 435 (Mich. 1992); *Fireman's Fund Ins. Co. v. Ex-Cell-O Corp.*, 702 F. Supp. 1317, 1323 (E.D. Mich. 1988); *Royal Ins. Co. of Am. v. Med.*

7

*Evaluation Specialists*, 1996 U.S. Dist. LEXIS 17741, at *8 (E.D. Mich. Oct. 10, 1996). The instant record and the words of the contract alone are not adequate to determine the intention of the parties or even if an ambiguity exists that must be construed against Federal.[3] A full record as to the parties' intentions, including the relationship (if any) of coverage for the ERISA Actions and coverage for the Securities Actions, is necessary. Such evidence would be particularly useful because Michigan recognizes the doctrine of reasonable expectations, pursuant to which a court will find coverage under an insurance policy if "the policyholder, upon reading the contract language is led to a reasonable expectation of coverage." *Fire Ins. Exch. v. Diehl*, 545 N.W.2d 602, 606 (Mich. 1986), quoting *Powers v. DAIIE*, 398 N.W.2d 411, 424 (Mich. 1986); see also *North Bank v. Cincinnati Ins. Cos.*, 125 F.3d 983, 987 (6th Cir. 1997) (construing Michigan law). The question is raised whether Tower reasonably expected the ERISA Policy to provide full protection against claims brought by ERISA Plan participants even if another proceeding brought on behalf of plaintiffs who were not participants in Tower's employee benefit plans existed.

**Tower's Motion for Summary Judgment**

Tower asserts that the Court need not decide the issue of coverage in its favor at this time because Federal must defend the Insureds under the ERISA Policy in any event. Tower argues that it is entitled to judgment because under Michigan law, the duty to defend extends to any claim that is "arguably within the scope of coverage." (Tower Mot. for Summ. J. at 7).

---

[3] Under Michigan law, clear and specific exclusionary clauses will be given effect, but any ambiguity will be construed in favor of the insured. See *Meridian Mut. Ins. Co. v. Wypij*, 573 N.W.2d 320, 322 (Mich. Ct. App. 1997).

8

**NOT FOR PUBLICATION**

As Tower states, under Michigan law, an insurer's duty to defend is broader than its duty to indemnify. See *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 457 (6th Cir. 2003) (construing Michigan law). This duty is "not limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured even arguably come within the policy coverage." *Detroit Edison Co. v. Mich. Mut. Ins. Co.*, 301 N.W.2d 832, 835 (Mich. Ct. App. 1980); see also *Allstate Ins. Co. v. Freeman*, 443 N.W.2d 734, 737 (Mich. 1989). As the duty to defend is not necessarily coextensive with coverage, an insurer must "look behind the third party's allegations to analyze whether coverage is possible." *Detroit Edison Co.*, 301 N.W.2d at 835. Where coverage is "possible", the insurer "is obliged to defend until the claims against the policyholder are confined to those theories outside the scope of coverage under the policy." *Northland Ins. Co.*, 327 F.3d at 457-58 (internal quotations omitted). Any doubt as to whether coverage is available must be resolved in favor of the insured. *Id.*; see also *Detroit Edison Co.*, 301 N.W.2d at 835.

Federal responds by citing the principle that an exclusion must be applied as written. Moreover, in most of the cases involving the duty to defend where a policy exclusion has been at issue, the courts have determined whether the exclusion applies before imposing a duty to defend on the insurer. For example, in *Northland Ins. Co.*, relied on by Tower, the Circuit Court determined that an insurance company had no duty to defend where the claims asserted against the insured fell within exclusions to the policy. 327 F.3d at 457-59. In *Yale Public Schools v. MASB-SEG Property Casualty Pool*, 2004 WL 2881889, at *1 (Mich. Ct. App. Dec. 14, 2004), the insured was sued on a fraudulent conveyance theory. Notwithstanding that the cause of action was within the

9

**NOT FOR PUBLICATION**

general coverage, the insurer argued for application of an exclusion denying coverage where the insured profited personally from the transaction. The Court held that in the absence of direct evidence pertaining to personal profit, the policy exclusion was inapplicable and the insurer had the duty to defend the action. *Id.* at *2; see also *Tobin v. Aetna Cas. & Sur. Co.*, 436 N.W.2d 402, 403 (Mich. Ct. App. 1989). These decisions have followed the principle that "[t]he duty to defend is essentially tied to the availability of coverage." *Marlo Beauty Supply, Inc. v. Farmers Ins. Group*, 575 N.W.2d 324, 327 (Mich. Ct. App. 1998); see also *Duval v. Aetna Cas. & Sur. Co.*, 8 N.W.2d 112, 114 (Mich. 1943); *Trimas Corp. v. Zurich Am. Ins. Group*, 2003 Mich. App. LEXIS 904, at *4 (Mich. Ct. App. Apr. 10, 2003) ("If coverage is not possible, then the insurer is not obliged to offer a defense.").

One Michigan case presents a fact pattern indistinguishable from the situation at bar. In *Polkow v. Citizens Insurance Co. of America*, 476 N.W.2d 382 (Mich. 1991), a majority of the Michigan Supreme Court held that factual disputes existed that had to be resolved before the Court could determine the effect of an exclusionary clause in the subject insurance policy. It remanded accordingly but held as follows with respect to the insurer's duty to defend in the interim:

> The insurer's duty to provide a defense extends to allegations which even arguably come within the policy coverage. [citation omitted] Fairness requires that there be a duty to defend at least until there is sufficient factual development to determine what caused the pollution so that a determination can be made regarding whether the discharge was sudden and accidental [and therefore excluded]. Until that time, the allegations must be seen as "arguably" within the comprehensive liability policy, resulting in a duty to defend.

*Polkow*, 476 N.W.2d at 384. The dissent in *Polkow* argued that the exclusionary clause was clear and excluded coverage, and thus did not reach the separate question of a duty to

10

defend.  *Id.* at 389.  The principle in *Polkow* was followed in *American Bumper & Manufacturing Co. v. Hartford Fire Insurance Co.*, 550 N.W.2d 475, 483 (Mich. 1996) and *Aero-Motive Co. v. Great American Insurance*, 2004 U.S. Dist. LEXIS 28327, at *10 (E.D. Mich. Nov. 23, 2004).[4]

The foregoing cases are precisely on point and impose on the insurer an obligation to defend during the period of a factual inquiry as to the applicability of an exclusion in an insurance policy.  Under governing Michigan law, Tower is entitled to an order granting its motion for summary judgment requiring Federal to provide a defense to the ERISA Actions at least to the date of a determination as to whether the exclusion applies.

## Conclusion

For the reasons set forth above, Federal's motion to dismiss is denied and Tower's motion for summary judgment is granted.  Tower should settle an appropriate order on five days' notice.


Dated: New York, New York
September 19, 2005

                                                       */s/ Allan L. Gropper*
                                            **UNITED STATES BANKRUPTCY JUDGE**

---

[4] Courts in other jurisdictions have similarly held that, even where a court ultimately determines that an exclusionary clause in an insurance policy precludes coverage of an insured's claim, the insurer nevertheless had a duty to defend the claim if it was arguably within the scope of coverage prior to the court's ruling on the applicability of the exclusion.  See *Ott v. Crews*, 830 F.2d 773, 778 (7th Cir. 1987).