**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
TOWER AUTOMOTIVE, INC., et. al.,                :   Case No. 05-10578(ALG)
                                                :   Jointly Administered
                                                :
                               Debtors.         :
                                                :
-----------------------------------------------------------x
TOWER AUTOMOTIVE, INC.,                         :
                               Plaintiff,       :
                                                :
          -against-                             :   Adv. Proc. No. 05-01407
                                                :
FEDERAL INSURANCE COMPANY,                      :
                                                :
                               Defendant.       :
-----------------------------------------------------------x
```

## OPINION GRANTING MOTION FOR REARGUMENT AND ADHERING TO ORIGINAL DECISION

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

      In a Memorandum of Opinion dated September 19, 2005 (the "Opinion"), the Court denied the motion of defendant Federal Insurance Company ("Federal") to dismiss this adversary proceeding and granted the motion of plaintiff Tower Automotive, Inc. ("Tower") for summary judgment. Federal has timely moved for reargument.

      Motions for reargument require the movant to show "that the Court overlooked controlling decisions or factual matters 'that might materially have influenced its earlier decision.'" *Nat'l Ass'n of Coll. Bookstores, Inc. v. Cambridge Univ. Press*, 990 F. Supp. 245, 254 (S.D.N.Y. 1997), quoting *Anglo-American Ins. Group, P.L.C. v. CalFed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996); *In re Jamesway Corp.*, 203 B.R. 543, 546

1

**NOT FOR PUBLICATION**

(Bankr. S.D.N.Y. 1996). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.*, 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005), citing *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). The rule permitting reargument is "narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court." *Winkler v. Metropolitan Life Ins.*, 340 F. Supp. 2d 411, 413 (S.D.N.Y. 2004); *Griffin Indus., Inc.*, 72 F. Supp. 2d at 368; *In re Best Payphones, Inc.*, 2003 WL 1089525, at *2 (Bankr. S.D.N.Y. 2003). A motion for reargument is "limited to the record that was before the Court on the original motion." *Periera v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.)*, 216 B.R. 713, 716 (S.D.N.Y. 1997) (internal citations omitted).

In its motion, Federal argues that the Court failed to consider the implications of the recent Michigan Supreme Court decision, *Rory v. Continental Insurance Co.*, 703 N.W.2d 23 (Mich. 2005), a case decided after the motions to dismiss and for summary judgment were argued and submitted. (Motion for Reargument, p. 2). Federal correctly asserts that *Rory* held that the doctrine of reasonable expectations had been repudiated by the Michigan Supreme Court in *Wilkie v. Auto-Owners Insurance Co.*, 644 N.W.2d 776 (Mich. 2003), and is no longer recognized under Michigan law. (Motion for Reargument, p. 4). In light of these decisions, the Court grants the motion to the extent of deleting any reference in the Opinion to the doctrine of reasonable expectations.[1] However, this does not alter the Opinion's holding. The Court's brief discussion of the doctrine of reasonable expectations was a secondary point that was cumulative and not determinative with respect to the ultimate conclusions reached. As the Michigan Supreme Court stated

---

[1] The last two sentences of the continuing paragraph on p. 8 of the Opinion should be deleted.

2

in *Wilkie*, "the policyholder's reasonable expectations add nothing to the way in which Michigan courts construe contracts," and the doctrine of reasonable expectations is merely ancillary to the well-established rule of *contra proferentem*. 664 N.W.2d at 786-87.[2] The reference to the doctrine was not, as Federal contends, "a principal foundation for the Court's decision." (Reply in Support of Motion for Reargument, p. 2).

Federal's remaining arguments in support of its motion for reargument merely repeat its original contentions regarding construction of the Securities-Based Claims Exclusion.[3] The fact that Federal revisits these arguments through the lens of *Rory* is of no consequence, as *Rory* is distinguishable and does not alter any rule of construction relied on by the Court in this case. *Rory* involved the enforceability of a clear and unambiguous insurance policy provision, the meaning of which was undisputed by the parties. By contrast, Federal and Tower clearly dispute the meaning of the Securities-Based Claims Exclusion, and the Court concluded that additional evidence is necessary to determine the effect of the exclusionary language.

The Court takes note of Federal's final point in its reply on this motion, in which it argues that a sentence that starts with a specific and then expands the specific to the general can result in a comprehensible whole, whatever the punctuation. As an example, Federal asserts that a ban on "the transporting of apples, or any other fruit, into the United

---

[2] Federal itself quotes *Wilkie* for the proposition that "the rule of reasonable expectations only applies when 'there is more than one way to <u>reasonably</u> interpret a contract.'" (Reply in Support of Motion to Dismiss, p. 10) (quoting *Wilkie*, 644 N.W.2d at 786) (emphasis in Reply).

[3] The Securities-Based Claims Exclusion provides in part that:

> No coverage will be available under this coverage section for any Securities-Based Claim if such Securities-Based Claim, or any other written demand or civil or administrative proceeding against an Insured, seeks or has sought relief for any purchaser or holder of securities issued by [Tower] who is not a Plan participant or beneficiary. . . .

(ERISA Policy at Endorsement 2).

**NOT FOR PUBLICATION**

States" would clearly include a ban on the transporting of bananas, oranges and pears. (Reply in Support of Motion for Reargument, p. 4 n. 2).  In some contexts it might be possible to readily construe a sentence where a dependent clause swallowed up the main clause and changed its meaning altogether.  But what about a sentence that barred "the transporting of apples, or any other member of the rose family, into the United States"?  Does this include pears, plums and almonds?  And what about roses?  Like the Securities-Based Claims Exclusion in this case, such a clause would cry out for further factual inquiry as to its intended meaning.

The motion for reargument is accordingly granted only to the extent of deleting all reference to the doctrine of reasonable expectations, and the Opinion is otherwise adhered to and confirmed.  Tower is directed to settle an appropriate order on five days' notice.


Dated:  New York, New York
        November 9, 2005

                                        */s/ Allan L. Gropper*
                                        **UNITED STATES BANKRUPTCY JUDGE**